**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Geraldine Mundy & Ann B. Peele, ) | C/A No. 3:13-1969-MBS |
| ) | |
| Plaintiffs, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| United States/United States Postal ) | |
| Service; Pacific and Southern ) | |
| Company, Inc. (As Owner of ) | |
| WLTX); and Anne Clarkson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiffs Geraldine Mundy and Ann B. Peele (collectively "Plaintiffs") bring this action against the United States and the United States Postal Service ("USPS") (collectively the "Federal Defendants"), alleging various claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1364(b); 28 U.S.C. §§ 2671-2680; and the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552(a). ECF No. 1. In addition, Plaintiffs alleges state law claims against Pacific and Southern Company ("WLTX") and Anne Clarkson ("Clarkson") (collectively the "Broadcast Defendants"). Id. Plaintiffs seek actual, compensatory, and punitive damages, including attorney's fees and the costs of this action. Id. at 19. This matter is before the court on the Federal Defendants' and the Broadcast Defendants' (collectively "Defendants") motions to dismiss. ECF Nos. 10, 14.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are USPS employees at the post office facility located in Batesburg-Leesville, South Carolina (the "local facility"). Id. at 3 ¶ 9. The local facility utilized time cards in order to keep track of the days and hours that each employee worked. Id. at ¶ 10. Each time card contained

1

personal information, including an employee's name and social security number. Id. The local facility had a recycling policy in which it printed receipts on the backside of used paperwork (the "recycling program"), including employee time cards. Id. at ¶ 11. The local facility would then issue these receipts to its postal customers to confirm the shipment of packages. Id.

On July 19, 2010, Clarkson received a shipment confirmation receipt that included Plaintiffs' names and social security numbers. Id. at 5 ¶ 16. Upon seeing Plaintiffs' personal information on the back of the receipt, Clarkson informed her housemate of the situation and contacted WLTX to report the incident. Id. at 5-6 ¶ 18. Clarkson then provided WLTX with the shipment receipt containing Plaintiffs' personal information. Id. On July 23, 2010, WLTX broadcast a television report about the incident (the "first broadcast"). Id. at 6 ¶ 21. During the first broadcast, WLTX displayed images of the Plaintiffs' names on the shipment receipt, but concealed Plaintiffs' social security numbers from view. Id. That same day, a USPS supervisor informed Plaintiffs, who for the first time learned that their personal information had been included on a customer shipment receipt. Id. at 5 ¶ 15. On July 26, 2010, Plaintiffs' names and social security numbers were displayed on the shipment receipt during a subsequent WLTX broadcast (the "second broadcast"). Id.

Plaintiffs filed an administrative claim with USPS pursuant to the FTCA, alleging damages as a result of the disclosure of their personal information. ECF Nos. 1-4, 1-5. Plaintiffs received right to sue letters dated June 19, 2013 in which USPS indicated that Plaintiffs' claims had been denied. ECF Nos. 1-4, 1-5. Plaintiffs filed a complaint with this court on July 17, 2013. Id. at 1. In their complaint, Plaintiffs allege that USPS breached various duties and engaged in wrongful conduct when it exposed their personal information. Id. at 8-9. Plaintiffs further allege that USPS

violated the Privacy Act when it disclosed their personal information. Id. at 9-10. Plaintiffs also assert state law claims against the Broadcast Defendants for breach of duty, invasion of privacy, and intentional infliction of emotional distress. Id. at 11-18.

On August 12, 2013, the Broadcast Defendants filed a joint motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 10, to which Plaintiffs responded in opposition on August 29, 2013, ECF No. 12. The Federal Defendants filed a motion to dismiss for lack of subject matter jurisdiction on September 20, 2013 pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"). ECF No. 14. On October 3, 2013, Plaintiffs filed a response in opposition to the Federal Defendants' motion to dismiss. ECF No. 15. On October 23, 2013, the Federal Defendants filed a reply to Plaintiffs' response in opposition. ECF No. 22.

## II. DISCUSSION

### A. Standard

#### 1. Motion to Dismiss

##### a. Dismissal for Lack of Jurisdiction Generally

A motion to dismiss for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege

facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. Id. In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. Id. The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. Id.

**B. Analysis**

    **1. The Federal Defendants**

        **a. The Parties' Arguments**

The Federal Defendants move to dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. ECF No. 14. The Federal Defendants contend that, assuming for purposes of its motion that Plaintiffs have cognizable claims under the FTCA and the Privacy Act, Plaintiffs' only remedy is under the Federal Employee Compensation Act ("FECA"). ECF No. 14-1 at 4. The Federal Defendants assert that the FECA is the exclusive remedy for federal workers' job related injuries. Id. The Federal Defendants assert that courts do not have jurisdiction over a claim when the Secretary of Labor ("the Secretary") determines that FECA applies. Id. Thus, the Federal Defendants contend that a federal employee may not seek relief under any other federal statute when a "substantial question" exists as to whether FECA applies. Id.; see Wallace v. United States, 669 F.2d 947, 951 (4th Cir. 1982).

The Federal Defendants assert that injured federal workers are entitled to FECA benefits when their injuries arise out of their employment and a casual relationship exists between the injury and the employment or the conditions of employment. Id. at 5. The Federal Defendants contend that an injury need not occur on federal property. Id. Further, the Federal Defendants contend that the

4

court in Richards v. C.I.A., 837 F. Supp. 2d 574, 580 (E.D. Va. 2011), dismissed an action for lack of jurisdiction because there was a "substantial question" as to whether FECA applied to the plaintiff's claims involving the release of his confidential employee health information. Id. The Federal Defendants assert that, like the plaintiff in Richards, Plaintiffs' injuries arise out of their employment duties, which required them to provide their social security numbers on time cards. Id. at 5-6. The Federal Defendants assert that the disclosure of Plaintiffs' personal information was a result of, and thus related to, their federal employment. Id. at 6. The Federal Defendants argue that there is a "substantial question" as to whether FECA applies to Plaintiffs' claims because (1) Plaintiffs have not applied for benefits under FECA; and (2) the Secretary has not determined whether FECA is applicable to Plaintiffs' claims. Id. Based on these reasons, the Federal Defendants request that they be dismissed from this action because federal jurisdiction is lacking. Id. at 7.

In their response in opposition to the Federal Defendants' motion to dismiss, Plaintiffs assert that FECA does not apply to their claims. ECF No. 15 at 3. Plaintiffs argue that FECA provides coverage for "total or partial disability within the context of wage loss." Id. Plaintiffs assert that they did not allege wage loss, nor have they alleged that their injury occurred during the performance of their employment duties. Id. Further, Plaintiffs contend that there is no connection between their injuries and the performance of their employment duties, and their injuries did not occur while they were at work. Id. Finally, Plaintiffs contend that the term "injury," as defined in FECA, does not include coverage of non-physical injuries. Id. at 4.

Plaintiffs next assert that the Federal Defendants waived the right to assert FECA as a defense. Id. Specifically, Plaintiffs contend that the Federal Defendants did not rely upon FECA

during the administrative claims process. Id. In addition, Plaintiffs note that they received right to sue letters in which USPS instructed them to file claims in federal court if they were dissatisfied with the denial of their administrative claims. Id. Plaintiffs assert that the Federal Defendants' prior inconsistent position prevents them from asserting FECA as a defense in this action. Id. at 4-5.

Plaintiffs further argue that the decisions of the Employees' Compensation Appeals Board ("ECAB")[1] make clear that their claims are not covered under FECA. Id. at 5. In support of this assertion, Plaintiffs rely upon two decisions in which ECAB denied coverage because the employees suffered emotional responses to administrative or personnel matters. Id.; see Gloria C. Watkins & Dep't of the Air Force, No. 03-2269, 2004 WL 875971 (E.C.A.B. Jan. 14, 2004); Michael J. Victor & U.S. Postal Serv., No. 03-1357, 2003 WL 22481643 (E.C.A.B. Sept. 12, 2003). Plaintiffs assert that Watkins and Victor demonstrate that FECA does not apply in this case, which also involves administrative matters. Id. at 5-6.

Next, Plaintiffs contend that the Federal Defendants' reliance on Richards is in error. Id. at 6. Plaintiffs assert that unlike their case, which is "tenuously connected" to their employment duties, the plaintiff in Richards suffered lead poising during work and the medical information from his injury was improperly disclosed to his co-workers. Id. Plaintiffs further point out that the court in Richards dismissed the case without prejudice to allow the Secretary to determine whether FECA applied. Id. at 6-7. Finally, Plaintiffs assert that while federal courts typically stay its proceedings to allow the Secretary to resolve "substantial questions" about coverage under FECA, such action

---

[1] "The Employees Compensation Appeals Board is the only body [that] may hear appeals from adverse final decisions by the Director of the Office of Workers' Compensation Programs of the Department of Labor, which considers applications for FECA benefits. It consists of three members appointed by the Secretary of Labor." Wallace, 669 F.2d at 953 n.7 (internal citations omitted).

is unnecessary here because FECA does not apply. Id. at 7. For these reasons, Plaintiffs maintain that the Federal Defendants' motion to dismiss should be denied. Id.

### C. The Court's Review

The court first considers the Federal Defendants' motion to dismiss for lack of subject matter jurisdiction. As outlined above, the Federal Defendants assert that jurisdiction is lacking because FECA applies to Plaintiffs' claims. Plaintiffs assert that FECA is inapplicable.

FECA establishes a comprehensive workers' compensation procedure for federal employees. Under FECA, "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 194 (1983). FECA provides that "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). In other words, the injury must "aris[e] out of and in the course of employment." Wallace v. United States, 669 F.2d 947, 953 (4th Cir. 1982). To make this determination, courts ask "whether . . . a causal relationship exists between the employment itself, or the conditions under which it is to be performed, and the resultant injury." Id. at 954. If a federal employee sustains injuries that entitle her to benefits under FECA, she cannot seek compensation "under other federal remedial statutes, including the [FTCA]." Id. at 951.

The Secretary has exclusive authority in deciding whether FECA applies to a federal employee's injuries. See 5 U.S.C. § 8145 (providing that the Secretary decides "all questions arising" under FECA). "[A] federal employee cannot file an action under the [FTCA] if there is a 'substantial question' whether FECA applies . . . ." Wallace, 669 F.2d at 951 (quoting Somma v.

7

United States, 283 F.2d 149, 151 (3rd Cir. 1960)); see also Mathirampuzha v. Potter, 548 F.3d 70, 81 (2d Cir. 2008) ("[W]here there is a substantial question of FECA coverage—indeed, unless it is certain that the FECA does not cover the type of claim at issue—the district court may not entertain . . . [an] FTCA claim."); Richards, 837 F. Supp. 2d at 580 (E.D. Va. 2011) (dismissing without prejudice Privacy Act claim where there was substantial question as to whether FECA applied to plaintiff's injury).

Applying the principles set forth above, the court finds that there is a "substantial question" as to whether FECA applies to Plaintiffs' claims. First, Plaintiffs' assertion that FECA does not provide coverage for non-physical injuries or administrative matters is unpersuasive. In this regard, Plaintiffs' reliance upon Watkins and Victor is misplaced. Like the claimants in Watkins and Victor, Plaintiffs assert that they suffered emotional injuries, among other things, in response to an administrative matter. Specifically, Plaintiffs in their complaint assert that the disclosure of their personal information has caused them "mental anguish and emotional distress . . . ." ECF No. 1 at 7. Further, while Watkins and Victor make clear that FECA generally provides no coverage for an employee's emotional response to administrative matters, those decisions also note that an exception applies when the relevant administrative action involves "error or abuse on the part of the employing establishment." Watkins, 2004 WL 875971, at *6. Here, it is undisputed that the disclosure of Plaintiffs' personal information was in error. Give the unique circumstances of this case; however, it remains unclear whether FECA applies to Plaintiffs' claims. The resolution of these issues are not for this court to decide, rather the Secretary has the exclusive authority to make a determination regarding FECA coverage.

Plaintiffs' additional arguments are equally unavailing. As mentioned above, Plaintiffs argue that their injuries did not occur while they were at work. However, the Fourth Circuit in Wallace rejected this argument. In Wallace, a federal employee ("Wallace") sustained injuries after receiving a flu-shot in a "building adjacent to the one where he worked." Wallace, 669 F.2d at 949. Wallace received the flu shot as part of "national flu inoculation program[,]" which was not a part of his responsibilities as a federal employee. Id. at 954. The Fourth Circuit held that "[t]he mere fact that the injury occurred while the employee was on the premises of his federal employer is not controlling." Id. at 952. Further, the Fourth Circuit found that FECA did not bar Wallace's claim because the "inoculation program did not create a 'zone of special danger' for Wallace as a federal employee . . . ." Id. Unlike Wallace, Plaintiffs fall squarely within the "zone of special danger" created by the local facility's recycling program. Plaintiffs, as federal employees at the local facility, were required to complete time cards that eventually appeared in the second broadcast, resulting in Plaintiffs' alleged injuries. Thus, the recycling program, along with the "obligations or conditions of [Plaintiffs'] employment[,] created a special zone of danger that resulted in [their] injury." Id.

Finally, the court turns to Plaintiffs' contention that the Federal Defendants waived reliance upon FECA. Assuming FECA applies to this case, Plaintiffs' argument suggests that the Federal Defendants can somehow waive subject matter jurisdiction. However, subject matter jurisdiction cannot be waived. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) ("Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties."). Because there is a substantial question as to whether FECA applies to Plaintiffs' claims, subject matter jurisdiction in this case remains in doubt. Therefore, the court denies, without prejudice, the Federal Defendants' motion to dismiss for lack

of subject matter jurisdiction, with leave to refile pending a final determination from the Secretary with regard to the applicability of FECA to Plaintiffs' claims.

Having denied the Federal Defendants' motion to dismiss, without prejudice, the court will not, at this time, address the issues raised in the Broadcast Defendants' motion to dismiss. Plaintiffs assert only state law claims against the Broadcast Defendants. Because the subject matter jurisdiction of this court remains in dispute, it is unclear whether this court can exercise supplemental jurisdiction over Plaintiffs' state law claims. Accordingly, the Broadcast Defendants' motion to dismiss is denied, without prejudice, with leave to refile pending the Secretary's determination as to whether Plaintiffs' claims fall within FECA's coverage.

### III.  CONCLUSION

For the reasons stated above, the court denies, without prejudice, Defendants' motions to dismiss (ECF Nos. 10, 14), with leave to refile pending a final determination from the Secretary as to whether Plaintiffs' claims are within FECA's coverage. Further proceedings in this case are stayed pending the Secretary's final determination as to whether Plaintiffs' claims are covered under FECA. The parties are directed to file a status report by April 15, 2014, and every 45 days thereafter with regard to the Secretary's final determination as to FECA coverage. The parties are further directed to notify this court within ten (10) days of the Secretary's final determination as to FECA coverage. If Plaintiffs fail to file claims under FECA, this case may be subject to dismissal for

failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                        s/ Margaret B. Seymour_____
                                        Senior United States District Judge

Columbia, South Carolina
March 31, 2014